UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

SARAH GRISSOM,

Plaintiff,

v.

BALDWIN COUNTY, ALABAMA; BALDWIN COUNTY CIRCUIT COURT; JUDGE WILLIAM SCULLY JR., in his official capacity; GUARDIAN AD LITEM JASON SPRY; and ATTORNEY JOSHUA KESLING,

Defendants.

U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED IN CLERK'S OFFICE

SEP 22 2025

CHRISTOPHER EKMAN
CLERK

Civil Action No. 25-cv-392-TFM-MU

---

## VERIFIED COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

I.  INTRODUCTION

This action arises from systemic violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, retaliation under 28 C.F.R. § 35.134, and the Fourteenth Amendment, enforced through 42 U.S.C. § 1983. Plaintiff seeks immediate federal intervention to halt unconstitutional proceedings in the Baldwin County Circuit Court. Trial is scheduled for September 26, 2025. Plaintiff cannot reasonably participate in a tribunal that has publicly disclosed her confidential ADA request, denied accommodations, and permitted the weaponization of disability in pleadings and orders. Defendants' actions have divested Baldwin County of jurisdiction due to structural prejudice. Once a tribunal arms one party with the other's confidential ADA materials, prejudice is incurable and jurisdiction collapses.

II.  JURISDICTION AND VENUE

1

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Venue is proper under 28 U.S.C. § 1391 because all Defendants reside in Baldwin County, Alabama, and the events giving rise to this action occurred there.

III. <u>PARTIES</u>

1. Plaintiff Sarah Grissom is a qualified individual with disabilities within the meaning of 42 U.S.C. § 12131(2).

2. Defendant Baldwin County is a political subdivision of the State of Alabama.

3. Defendant Baldwin County Circuit Court is a state court subject to Title II of the ADA.

4. Defendant Judge William Scully Jr. is sued in his official capacity.

5. Defendant Jason Spry is a Guardian ad Litem appointed in Plaintiff's proceedings, acting under color of state law.

6. Defendant Joshua Kesling is opposing counsel alleged to have acted jointly with state actors under color of state law.

IV. <u>FACTUAL ALLEGATIONS</u>

7. On September 5, 2025, Plaintiff submitted a confidential ADA accommodation request to the Baldwin County ADA Coordinator (Ex. 1).

8. In her request and in prior email correspondence, Plaintiff expressly asked that the request be handled confidentially, citing fear of retaliation if disclosed.

9. Despite this explicit request for confidentiality, Defendants ignored it. The Clerk publicly docketed the request as Documents 43 and 614, including the envelope the request was sent in displaying an unredacted and undisclosed residential address (Ex. 2).

10. Within 24 hours, Guardian ad Litem Spry used the disclosed address to send a demand letter for his fees, threatening further action. Def. Spry had not been advised of the

2

address by Plaintiff, nor permitted to use it, and had never used Plaintiff's approved address on file with the court is the years prior (Ex. 3).

11. The request for accommodations has not been addressed by the Circuit Court, and hearings continue to be scheduled.

12. Defendant Kesling has repeatedly filed pleadings attacking Plaintiff's disabilities and lawful medication, describing her as "obsessive," "compulsive," "emaciated," and "unable to move on," and mischaracterizing prescribed ADHD medication as "methamphetamine" (Exs. 4a–4c).

13. The Baldwin County Circuit Court accepted and acted upon these pleadings, compelling psychological evaluations and drug testing without the safeguards required by Rule 35, Ala. R. Civ. P., threatening contempt, and granting ex parte access to Plaintiff's adversaries while denying her access to her own reports (Exs. 5a–5c, 8a–8b).

14. On October 8, 2024, the Baldwin County Circuit Court permitted Guardian ad Litem Jason Spry and opposing counsel Joshua Kesling to review Plaintiff's and her minor child's confidential psychological evaluation reports ex parte in the courthouse hallway, before the hearing commenced.

15. Plaintiff herself was denied access to the same reports at that time or thereafter, despite repeated requests.

16. Defendants permitted Plaintiff's adversaries to review and rely upon her psychological evaluations ex parte, while withholding the same reports from Plaintiff. Immediately thereafter, opposing counsel Kesling and GAL Spry invoked the evaluations to argue for a stay of proceedings and to oppose Plaintiff's witness testimony.

17. Defendants appointed a Guardian ad Litem without notice, hearing, or cause, and assessed GAL fees and contempt sanctions to Plaintiff beyond her disability-limited income, resulting in incarceration for inability to pay (Ex. 5b).

18. Presiding Judge William Scully has repeatedly made stigmatizing and disparaging remarks about Plaintiff's disabilities in open court. He has stated on the record that Plaintiff "should be working more" and expressed "concern" that she is not, despite medical documentation of disability, accused her of being a "fraud," and mocked her filings as "crazy stuff", and stated she has "rocks in her head."

19. Presiding Judge William Scully, GAL Spry, and Kesling have further exhibited bias and hostility toward Plaintiff regarding her disabilities and earning capacity in hearings and filings, while dismissing and suppressing ongoing harm caused by litigation and forced proximity to her documented abuser.

20. The Alabama Chief Justice has recused the entire Twenty-Eighth Judicial Circuit bench in a related matter, yet the Baldwin County court continues to proceed and has expressly stated it will not stop absent federal intervention.

21. Trial is imminent on September 26, 2025.

---

## V.    CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF TITLE II OF THE ADA (42 U.S.C. § 12132)

### (Docketing Accomodation)

22. Plaintiff realleges paragraphs 1–21.

23. Defendants are subject to Title II of the ADA, 42 U.S.C. § 12132.

24. On September 9, 2025, Defendants failed to provide reasonable modifications by publicly docketing Plaintiff's ADA request and never addressing it, while allowing continuing litigation. 28 C.F.R. § 35.130(b)(7).

25. These acts deny Plaintiff meaningful access to justice. *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004).

## COUNT II – RETALIATION UNDER THE ADA (28 C.F.R. § 35.134)

26. Plaintiff realleges paragraphs 1-25.

27. Plaintiff engaged in protected activity under the ADA by requesting accommodations and confidentiality.

28. Defendants ignored Plaintiff's explicit confidentiality request and instead docketed her ADA motion publicly, disclosing sensitive disability information and her private address.

29. Defendants retaliated by docketing her request and the sensitive material therein publicly, and the envelope the request was sent in, thus enabling Spry's retaliatory contact in violation of 28 C.F.R. § 35.134, which prohibits intimidation or retaliation against any individual for asserting ADA rights. See *Shotz v. Plantation*, 344 F.3d 1161, 1181 (11th Cir. 2003)[1].

## COUNT III – VIOLATION OF TITLE II OF THE ADA (42 U.S.C. § 12132)

(Pleadings)

30. Plaintiff realleges paragraphs 1-29.

---

[1] *Shotz v. Cates*, 256 F.3d 1077, 1081–82 (11th Cir. 2001) (ADA prohibits both direct discrimination and retaliation for asserting ADA rights).

31. Since 2022, Defendant Kesling's pleadings weaponized Plaintiff's disabilities and stigmatized her lawful medical treatment.

32. Defendants GAL Spry, Baldwin County, Judge William Scully Jr., and the Baldwin County Circuit Court have permitted these pleadings that stigmatize Plaintiff's disabilities and lawful medication use. These actions constitute systemic ADA violations and denial of meaningful access. *Lane*, 541 U.S. at 533–34[2].

33. The Baldwin County Circuit Court adopted these stigmatizing pleadings as a basis for punitive measures, including compelled drug testing, compelled psychological evaluations, and the appointment of a Guardian ad Litem. Ordering punitive and intrusive measures against a litigant on the basis of disability alone constitutes a direct violation of 42 U.S.C. § 12132, which prohibits discrimination by any public entity[3].

34. These actions were not supported by evidentiary findings but were predicated on disability-based stereotypes. By accepting and enforcing such pleadings, Defendants denied Plaintiff meaningful access to the courts on equal terms, in violation of Title II of the ADA, 42 U.S.C. § 12132, and 28 C.F.R. § 35.130(b)(7).

35. The compelled drug testing ordered against Plaintiff, without evidence of misuse or failed tests, constitutes unlawful discrimination because it imposed burdens based solely on disability-related stereotypes[4] in violation of the ADA's equal access guarantee.

---

[2] Tennessee v. Lane, 541 U.S. 509, 533–34 (2004) (state courts must accommodate individuals with disabilities to ensure access to justice).

[3] See 28 C.F.R. § 35.130(b)(1)(i), prohibiting denial of equal participation in court proceedings on the basis of disability; 28 C.F.R. § 35.130(b)(7), requiring reasonable modifications to ensure equal access rather than imposing additional burdens; and 28 C.F.R. § 35.134, prohibiting coercion, intimidation, and retaliation against individuals exercising ADA rights.

[4] See Silva v. Baptist Health S. Fla., Inc., 856 F.3d 824, 831–32 (11th Cir. 2017) (failure to engage in individualized assessment violates ADA).

36. The appointment of a Guardian ad Litem (GAL) based on disability-tainted pleadings also violated Title II, as it restricted Plaintiff's parental rights on the basis of disability stigma rather than lawful findings. Courts have long condemned such disability-based presumptions in family law contexts[5].

37. The Baldwin County Circuit Court compelled Plaintiff to undergo psychological evaluations solely because she is a person with disabilities, without any evidentiary showing of causative behavior warranting such an intrusive order. Compelling an evaluation on the basis of disability status alone is unlawful discrimination under 42 U.S.C. § 12132. Federal and state law require that compelled examinations be supported by specific evidence and good cause, not stereotypes or assumptions[6]. By ordering psychological probing of Plaintiff based only on disability-related pleadings and stigma, the Court violated 28 C.F.R. § 35.130(b)(1)(i)[7], and 28 C.F.R. § 35.130(b)(7)[8].

## COUNT IV: PUNITIVE ACTIONS BASED ON DISABILITY

38. Plaintiff realleges and incorporates paragraphs 1–37.

39. Defendants used disability-based stigma to impute income in excess of her documented disability-limited earning history, and further assigned excessive GAL fees to her without considering ability to pay.

---

[5] See *Doe v. County of Centre, Pa.*, 242 F.3d 437, 447–48 (3d Cir. 2001) (family court practices cannot rely on disability stereotypes); *In re Hicks/Brown*, 893 N.W.2d 637, 648 (Mich. 2017) (termination of parental rights based on disability violates ADA and due process).
[6] See *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964) (mental or physical examinations under Rule 35 require strict good cause showing and cannot be ordered routinely).
[7] 28 C.F.R. § 35.130(b)(1)(i) bars exclusion or unequal treatment on the basis of disability.
[8] 28 C.F.R. § 35.130(b)(7) requires modifications to prevent discrimination, not additional burdens.

7

40. On February 4, 2025, Defendants used this disability-stigma to justify punitive contempt, fee enforcement, and incarceration when Plaintiff could not pay GAL fees due to her disability-limited income.

41. These measures punished Plaintiff not for willful misconduct, but for the limitations of her disabilities, in violation of the ADA[9], 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(1)(i). 28 C.F.R. § 35.130(b)(7), and the Fourteenth Amendment's Due Process and Equal Protection Clauses, as applied in *Bearden v. Georgia*, 461 U.S. 660, 667–68 (1983)[10]. (imprisoning indigent person for inability to pay without inquiry violates Fourteenth Amendment).

---

## COUNT V – VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)
### (Structural Prejudice)

42. Plaintiff realleges paragraphs 1–41.

43. The Fourteenth Amendment guarantees due process, including proceedings before a fair and impartial tribunal. Providing the GAL and opposing counsel with Plaintiff's specific vulnerabilities resulting from her disabilities is an incurable structural defect.

44. Structural prejudice exists where one party is armed with the other's confidential ADA information by the court itself. *Tumey v. Ohio*, 273 U.S. 510, 523 (1927).

45. Once disclosed, the prejudice cannot be cured. *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991).

---

[9] 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(1)(i) prohibiting denial of services on the basis of disability; 28 C.F.R. § 35.130(b)(7) requiring reasonable modifications to avoid discrimination.
[10] Bearden v. Georgia, 461 U.S. 660, 667–68 (1983), holding incarceration for inability to pay without proper inquiry violates due process and equal protection.

46. Defendants' ex parte disclosure of psychological evaluations to opposing counsel, coupled with their refusal to provide Plaintiff access to the same reports, violated Plaintiff's right to due process and created incurable structural prejudice[11].

47. Denying Plaintiff access to her own evaluation reports, while arming her adversaries with them without consent or protections, deprived Plaintiff of the ability to respond, challenge, or correct the use of disability-related information. See Ricks v. Abbott Labs., 198 F.R.D. 647, 649–50 (D. Md. 2001) (Rule 35 exams are intrusive and require strict compliance with safeguards).

## COUNT V – VIOLATION OF PRIVACY RIGHTS

48. Plaintiff realleges paragraphs 1–47.

49. Public docketing of sensitive disability and medical information violated Plaintiff's constitutional privacy rights. *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977)[12].

50. Defendants violated Rule 5.2, Fed. R. Civ. P., when they posted Plaintiff's home address and the children's full names and dates of birth unredacted to the public record. Rule 5.2(a) expressly requires redaction of identifying information to protect privacy and safety. By failing to comply, Defendants exposed Plaintiff and her children to heightened risk and retaliation, in violation of Rule 5.2, the Fourteenth Amendment right to privacy (Whalen v. Roe, 429 U.S. 589, 599–600 (1977)), and Title II of the ADA's confidentiality obligations (28 C.F.R. § 35.130(a), § 35.134).

---

[11] See In re Sargent, 136 F.3d 349, 352 (4th Cir. 1998) (forced psych exams implicate heightened privacy protections and require good cause).
[12] Courts recognize privacy rights in sensitive medical and disability-related information. See Whalen v. Roe, 429 U.S. 589, 599–600 (1977).

VI. <u>MOTION FOR PRELIMINARY INJUNCTION</u>

51. Plaintiff moves under Fed. R. Civ. P. 65 for a Preliminary Injunction.

52. Likelihood of Success: Defendants' conduct plainly violates Title II of the ADA, its regulations, and the Fourteenth Amendment. *Lane*, 541 U.S. at 533–34.

53. Irreparable Harm: Plaintiff faces imminent trial under structurally defective conditions. Once disability information is weaponized, prejudice is permanent. *Fulminante*, 499 U.S. at 309–10.

54. Balance of Equities: Halting proceedings imposes no harm on Defendants, while Plaintiff faces unconstitutional trial and further retaliation and retraumatization.

55. Public Interest: The public has a compelling interest in courts complying with the ADA and Constitution. *Lane*, 541 U.S. at 533–34.

56. The emergency nature of this request is underscored by the imminence of trial and the exhaustion of state remedies, including mandamus and a Chief Justice recusal order that have failed to stop Baldwin County from proceeding.

---

VII. <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Preliminary Injunction enjoining Defendants from proceeding with the September 26, 2025 trial or further action in the tainted proceedings;

2. Order immediate sealing of Documents 43 and 614 and prohibit further public docketing of ADA materials;

3. Enjoin Defendants from using or disseminating Plaintiff's ADA request or disability-related information except under protective order of this Court;

4. Enjoin enforcement of GAL fees, contempt fines, or sanctions that could result in incarceration;

5. Declare that Defendants' conduct violated Title II of the ADA, the Fourteenth Amendment, and Plaintiff's right to privacy;

6. Declare that the Baldwin County Circuit Court is divested of jurisdiction over Plaintiff's proceedings due to structural prejudice and incurable ADA and constitutional violations;

7. Award Plaintiff compensatory and punitive damages, attorneys' fees, and costs under 42 U.S.C. § 1988;

8. Grant such other and further relief as this Court deems just and proper.

9. Preservation of Rights: Plaintiff expressly reserves and preserves all rights to pursue additional claims and remedies arising from the facts alleged, including but not limited to permanent injunctive relief, damages, and attorneys' fees, and no claim is waived by the filing of this Complaint or by pursuit of temporary or preliminary relief.

## VERIFICATION

I, Sarah Grissom, declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed this 19 day of September, 2025.

Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

      I hereby certify that on this 19 day of September 2025, I filed the foregoing with the Clerk of the Court using the CM/ECF system. In accordance with Fed. R. Civ. P. 4(c)(3), service upon all Defendants will be effected by the United States Marshal pursuant to Court order.

Respectfully submitted,

/s/ Sarah Grissom
Plaintiff, Pro Se