IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SARAH GRISSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:25-cv-392-TFM-MU |
| | ) | |
| BALDWIN COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Grisson, proceeding *pro se*, files this *Emergency Ex Parte Motion for Temporary Restraining Order (State Hearings Scheduled for September 22 and 26, 2025*) along with a brief in support. *See* Docs. 4, 5. She filed the motions on September 22, 2025 which were docketed and sent to the undersigned on September 23, 2025. As such, the Court is unable to address any of the matters raised about the September 22, 2025 hearing. But, there is a still matter set to proceed on September 26, 2025 and therefore the Court proceeds with the emergency request.

**I. STANDARD OF REVIEW**

"The purpose of a temporary restraining order . . . is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing *Canal Auth. of State of Fla.* v. *Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). A district court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in

opposition" **and** "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1) (emphasis added). A temporary restraining order has the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating all four are present. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). Thus, the moving party must show:

> (1) it has a substantial likelihood of success on the merits;
> (2) irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

*Schiavo*, 403 F.3d at 1231 (citations omitted). However, *ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). "The court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

## II. DISCUSSION AND ANALYSIS

Plaintiff's request for a temporary restraining order falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. While she does file a verified complaint and the TRO request contains a certification on why it should not wait until being heard from the opposing parties, the Court notes several deficiencies in her complaint which consequently result in a failure to meet the elements required for the issuance of a TRO. Specifically, she cannot show substantial likelihood of success on the merits at this stage.

The All-Writs Act authorizes federal courts to "issue all writs necessary or appropriate in

aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  But, "[i]n contrast to the broad powers granted to federal courts by the All-Writs Act, the Anti-Injunction Act, 28 U.S.C. § 2283 prohibits federal courts from enjoining state court proceedings with three limited exceptions."  *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993); *see also Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 (11th Cir. 2012) (quoting 28 U.S.C. § 2283) (The Anti-Injunction Act "prohibits a federal court from 'grant[ing] an injunction to stay proceedings in a State court[.]'").  The Act is "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of the three specifically defined exceptions."  *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).  Only then may the Court issue an injunction pursuant to the All-Writs Act.  *Burr & Forman v. Blair*, 470 F.3d 1019, 1027-28 (11th Cir. 2006).  A court may enjoin a state court proceeding (1) if the injunction is "expressly authorized by an Act of Congress," (2) "where necessary in aid of [the court's] jurisdiction," or (3) "to protect or effectuate [the court's] judgments." *Upper Chattahoochee*, 701 F.3d at 675 (citing 28 U.S.C. § 2283).  These exceptions are "narrow and are not to be enlarged by loose statutory construction."  *Id*. at 676 (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011)).  The Act's "core message is one of respect for state courts," and it "broadly commands that those tribunals shall remain free from interference by federal courts" unless one of the Act's three specific exceptions is met.  *Smith v. Bayer Corp.*, 564 U.S. at 306 (quotation marks omitted).

      Here, there is no applicable Act of Congress which authorizes such an injunction.  While the ADA is a federal statute, it does not specifically authorize the Court to enjoin state court proceedings in favor of a separately filed ADA case.  Next, the Court has not entered any judgments in this case. Finally, the "necessary in aid of its jurisdiction" exception does not apply

as that exception applies in only two specific situations: (1) where "the district court has exclusive jurisdiction over the action because it [has] been removed from state court" or (2) when the state court attempts to exercise jurisdiction over a piece of property that the district court has been exercising jurisdiction over in an in rem action. *Upper Chattahoochee*, 701 F.3d at 676 (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1251 (11th Cir. 2006)). The state court proceedings here have not been removed to federal court. There is no property in dispute nor is this case an *in rem* action.

Thus, none of the exceptions to the Anti-Injunction Act apply and Plaintiff's request to enjoin the state court proceedings by means of a temporary restraining order is due to be denied. "Indeed, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Smith*, 564 U.S. at 306 (internal quotations and modifications omitted).

### III. Conclusion

Put simply, federal courts have no authority to exercise supervisory jurisdiction over the operations of a state court, and the Anti-Injunction Act precludes the grant of the extreme relief of this requested *ex parte* TRO. It is therefore **ORDERED** that the Motion for a Temporary Restraining Order (Doc. 4) is **DENIED**.

Additionally, pursuant to 28 U.S.C. § 636(b)(1), this action is **REFERRED** to the Magistrate Judge for consideration and disposition or recommendation on all remaining and future pretrial matters as may be appropriate.

**DONE** and **ORDERED** this 23rd day of September, 2025.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE